**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Facsimile: (516) 826-0222
Adam P. Wofse, Esq.

Counsel for AI 229 West 43rd Street Property
Owner, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**ADVENTURE ENTERTAINMENT, LLC d/b/a JEKYLL & HYDE CLUB,**<br><br>     **Debtor.** | Chapter 11<br><br>Case No. 14-12086 (CGM) |

**SECOND SUPPLEMENTAL STATEMENT TO MOTION TO LIFT STAY OF
LANDLORD AI 229 WEST 43RD STREET PROPERTY OWNER, LLC**

  AI 229 West 43rd Street Property Owner, LLC (the "Landlord"), by its counsel, LaMonica Herbst & Maniscalco, LLP, hereby files this second supplemental statement[1] to the motion (the "Motion") of the Landlord seeking, among other things, entry of an Order granting the Landlord automatic stay relief, and respectfully states as follows:

  1. On September 9, 2014, the Landlord filed its Motion seeking lift stay relief in this case [Docket No. 50], citing a multitude of post-petition delinquencies of the Debtor in connection with its Lease obligations to the Landlord.

  2. On December 19, 2014, the Landlord filed a supplement to its Motion [Docket No. 100], exhibiting further information concerning post-petition deficiencies of the Debtor with

---

[1] All capitalized terms not defined herein shall be ascribed the same meanings as set forth in the Motion and/or the supplemental statement of the Landlord.

1

respect to its Lease Obligations, as the Motion had been carried by the Court. The Motion was subsequently adjourned to the present hearing date of February 18, 2015 at 10:00 a.m.

## THE LEASE IS NOW REJECTED

3. By operation of law, the Lease has been rejected.

4. By Order of the Court dated November 12, 2014 [Docket No. 91] (the "Lease Assumption Deadline Extension Order"), the time for the Debtor to assume or reject the Lease was extended, under Section 365(d)(4)(B)(i), for the statutory ninety (90) day period. A copy of the Lease Assumption Deadline Extension Order is annexed as **Exhibit "A"**.

5. Such extension period expired on February 11, 2015 (the 210th day of the case). No further extensions of the period were granted by the Landlord, and the Lease was not assumed by the Debtor prior to the expiration of the deadline.

6. Accordingly, the Lease is rejected. Bankruptcy Code § 365(d)(4) reads as follows:

> (4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.
> (B)
> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

2

**Outstanding Post-Petition Obligations of the Debtor**

7.      Furthermore, immediately prior to the lease rejection (the "Lease Rejection"), the Debtor still had outstanding post-petition obligations which it owed to the Landlord consisting of (a) monetary obligations under the Lease for post-petition additional rent charges, in the approximate aggregate sum of $38,987.58, as set forth in **Exhibit "B"**, and (b) legal fees owed to the Landlord, in the approximate aggregate sum of not less than $118,257.07, for post-petition legal services it incurred in enforcing the Debtor's obligations under the Lease[2].

8.      Moreover, the Debtor was obligated to remedy a multitude of building violations which existed at the Premises.

**Outstanding Pre-Petition Obligations of the Debtor**

9.      Through the petition date, the Debtor is indebted to the Landlord in the sum of $1,550,917.41.  Annexed as **Exhibit "C"** is a copy of the Landlord's amended proof of claim filed with the Court.

10.     Based upon the multiple mechanic's liens and violations against the Premises, the true, final amount ultimately owed by the Debtor to the Landlord is presently uncertain, as the Landlord will be compelled to bond and/or discharge the mechanic's liens and cure the violations itself.  However, the total indebtedness of the Debtor to the Landlord is unequivocally not less than the aforementioned sums.

**Security Deposit**

11.     In accordance with the Lease Assumption Deadline Extension Order, the Debtor

---

[2] See Section III, paragraph 25 of Landlord's Motion to Lift Stay filed on September 9, 2014 [Docket No. 50].  Landlord utilized three law firms post-petition which incurred the approximate following sums to enforce its rights under the Lease:
  (a) LaMonica, Herbst & Maniscalco, LLP (bankruptcy counsel; $57,574.77)
  (b) Meister, Seelig & Fein LLP  (landlord tenant counsel; $58,461.55)
  (c) Goldfarb & Fleece LLP (lease proposal negotiation; $2,220.75)

paid to the Landlord certain post-petition security deposit replenishment payments, which, as of the Lease Rejection, totaled $89,242.42 (the "Security Deposit"). Counsel for the Landlord is presently holding the Security Deposit.

12. Pursuant to the Lease Assumption Deadline Extension Order, the security replenishment payments (the Security Deposit) are to be paid first toward unpaid post-petition obligations or defaults, then toward pre-petition obligations or defaults.

## REQUEST FOR STAY RELIEF

13. By virtue of the Lease Rejection, the Landlord seeks to recover immediate possession of the Premises. Pursuant to Bankruptcy Code § 365(d)(4), the Debtor is required to immediately surrender possession of the Premises to the Debtor. 11 U.S.C. § 365(d)(4); *In re Southampton Yen Rest. Group LLC*, 2009 Bankr. LEXIS 3608 (Bankr. S.D.N.Y. Nov. 16, 2009).

14. Moreover, the Landlord seeks stay relief from this Court to apply the Security Deposit toward the above outstanding Lease obligations. *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63 (Bankr. S.D.N.Y. 2010); *In re Mad Lolo LLC*, 2009 Bankr. LEXIS 1333 (Bankr. S.D.N.Y. May 28, 2009).

15. The Landlord further submits that the outstanding post-petition Lease obligations owed by the Debtor to the Landlord—even when considered alone—are independent grounds that support lifting of the stay in favor of the Landlord.

16. Based upon the express statutory provisions of the Bankruptcy Code, the Lease is rejected, and the Landlord is entitled to receive the full benefit of its bargain and recover possession of the Premises without delay. *In re Southampton Yen Rest. Group LLC*, 2009 Bankr. LEXIS 3608.

17. Based upon the foregoing, the Landlord seeks a waiver of the stay under Rule

4

4001(a)(3).

18.     This statement is without prejudice, and all rights and remedies of the Landlord are expressly reserved.

**WHEREFORE,** the Landlord respectfully requests the Court to enter an Order granting relief from the automatic stay to (a) provide for the Landlord's immediate recovery of possession of the Premises, and (b) apply the Security Deposit toward outstanding Lease obligations, and for such other and further relief as the Court deems just and proper.

Dated: Wantagh, New York
　　　　February 13, 2015

**LaMONICA HERBST & MANISCALCO, LLP**

By:   *s/ Adam P. Wofse*
Adam P. Wofse, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone:  (516) 826-6500
Facsimile:   (516) 826-0222

Counsel for AI 229 West 43rd Street Property Owner, LLC

M:\Documents\Company\Cases\AI 229 West 43rd St. (Adven Ent.)\Lift Stay Motion\AI 229 second supplement 2.13.15.docx